Citation Nr: 1222003 
Decision Date: 06/22/12 Archive Date: 07/02/12

DOCKET NO. 07-25 693 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUES

1. Entitlement to service connection for a cervical spine disability. 

2. Entitlement to an increased rating for degenerative disc disease of the thoracic and lumbar spine, currently evaluated as 40 percent disabling. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

C. Eckart, Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from November 1972 to August 1976, and in the U.S. Navy from March 1977 to February 1978. He subsequently served in the Air National Guard and the Army National Guard, including periods of active duty from September 1984 to January 1985, and from October 1986 to May 1988. 

This matter came to the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. In an April 2007 rating decision, the RO, inter alia, denied service connection for a cervical spine disability. The Veteran perfected an appeal of the RO's decision via his submission of a timely VA Form 9 in August 2007. In a May 2009 rating decision, the RO denied a rating in excess of 40 percent for the Veteran's service-connected thoracic and lumbar spine disability. The Veteran perfected an appeal of the RO's decision via his submission of a timely VA Form 9 in November 2009. 

In October 2010, the Veteran testified before a Veterans Law Judge (VLJ) at a hearing held at the RO. In January 2011, the Board remanded this matter for further development. The matter has been is returned to the Board for further consideration.

Unfortunately, the VLJ that conducted the October 2010 hearing has since left the Board. In June 2012, the Board sent the Veteran a letter advising him that the VLJ who had conducted the October 2010 hearing was no longer employed by the Board. He was offered another opportunity to attend a hearing. He has responded to this letter with a reply indicating that he wished to attend another hearing held before a VLJ at the RO (Travel Board hearing).

Review of the electronic folder discloses 106 pages of medical records received in April 2012. However remand is necessary as will be discussed below. 

This appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

As discussed in the introduction above, the Veteran was notified in June 2012 that the Veterans Law Judge who had held a hearing he attended in October 2010 was no longer employed by the Board. He was provided the opportunity to either request another hearing or cancel any further hearing requests. See 38 C.F.R. §20.717 (2011). Later in June 2012, the Veteran indicated that he wants to appear at a hearing before another Veterans Law Judge of the Board at his local regional office. 

Pursuant to 38 C.F.R. § 20.700 (2011), a hearing on appeal before the Board will be granted if a claimant expresses a desire to appear in person. Such hearings are scheduled by the RO. See 38 C.F.R. § 20.704(a) (2011). Thus, a remand of his appeal is necessary to afford him his requested hearing.

Accordingly, the case is REMANDED for the following action:

The RO should schedule the Veteran for a Board hearing before a Veterans Law Judge sitting at the RO, with appropriate notification to the Veteran and his representative. A copy of the notice to the Veteran of the scheduling of the hearing should be placed in the record. 

The Board intimates no opinion, either favorable or unfavorable, as to the ultimate outcome of this case. The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).




_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).